IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**GEORGE BENNETT, #15329-057**                                     **PETITIONER**

**VERSUS**                                 **CIVIL ACTION NO. 5:10-cv-106-DCB-JMR**

**UNITED STATES OF AMERICA**                               **RESPONDENT**

### MEMORANDUM OPINION AND ORDER

Petitioner, an inmate of the Bureau of Prisons, filed on June 11, 2010, a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. On June 25, 2010, this Court entered an Order [3] that directed the Petitioner to file a written response to provide specific information regarding his claims. Petitioner was directed to file his response on or before July 16, 2010. The Order [3] warned Petitioner that a failure to advise the Court of a change of address or failure to timely comply with the requirements of the Order would result in the dismissal of this case. Petitioner did not comply with the Court's June 25, 2010 Order.

On August 4, 2010, an Order [4] was entered directing Petitioner to show cause, on or before August 26, 2010, why this case should not be dismissed for his failure to comply with the Court's June 25, 2010 Order. In addition, Petitioner was directed to comply with the Court's previous Order [3], by filing his written response or before August 26, 2010. The Order [4] to Show Cause clearly warned Petitioner that his failure to advise the Court of a change of address or his failure to timely comply with any Order of this Court would be deemed as a purposeful delay and contumacious act by the Petitioner, and would result in the dismissal of this case without further notice. Petitioner did not comply with this Order [4].

Since Petitioner is incarcerated, he was provided one additional opportunity to comply

with the Court's orders prior to summary dismissal of this case.  On September 24, 2010, a Final Order to Show Cause [5] was entered.  Petitioner was directed to show cause, on or before October 4, 2010, why this case should not be dismissed for his failure to comply with the Court's Orders of June 25, 2010, and August 4, 2010.  In addition, Petitioner was directed to comply with the Court's previous Order [3], by filing his written response or before October 4, 2010.  Petitioner did not comply with the Final Order to Show Cause [5].

Petitioner has failed to comply with three Court orders and he has not contacted this Court since June 11, 2010.  The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Rice v. Doe*, 306 Fed. App'x 144 (5th Cir. 2009).  Since the Respondent has not been called on to respond to the Petition, and the Court has not

considered the merits of Petitioner's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. App'x. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the     28th     day of  October          , 2010.


                             s/ David Bramlette
                            UNITED STATES DISTRICT JUDGE